IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL J. NUNN,**

        **Petitioner,**

    **v.**                                      **Civil Action No. 5:16cv145**
                                                    **(Judge Stamp)**

**DAVID R. WILSON, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural Background

On September 15, 2016, Michael J. Nunn ("Petitioner), a federal inmate incarcerated at FCI Hazelton, filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. On September 23, 2016, Petitioner paid the $5.00 filing fee. This matter is pending before the undersigned for an initial screening pursuant to LR PL P 2.

### II. The Petition

The Petitioner contends that the Bureau of Prisons ("BOP") raised his security custody classification from a Moderate "3" to a Greatest "7". The Petitioner maintains that this has caused significant collateral consequences. More specifically, he maintains that it has prevented him from being transferred to a camp. For relief, the Petitioner is seeking an order from this Court reinstating his security level to Moderate.[1]

---

[1] A review of the Petitioner's grievance to the warden (BP-9) establishes that the Petitioner believes that the Bureau of Prisons violated Program Statement 5100.08. In responding to the Petitioner's grievance, the warden indicated that his classification was

1

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As discussed below, the undersigned has determined that the Petitioner is not entitled to relief and recommends that this matter be dismissed without requiring the Respondent to address the matter.

### IV. Analysis

Section 2241 provides a remedy where a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a Section 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart

---

updated on May 19, 2015, based on information gathered from his PSI which established that 23,724.38 Grams of Cocaine were attributed to him and because "[he] was the organizer or leader of a group with five or more people." ECF No. 1-1 at 7. The BOP further noted that his original Moderate severity score was simply an error that was corrected. Id. The Petitioner, however, argued that he was not charged and part of an organization network, therefore he should not be scored in the Greatest severity category. ECF No. 1-1 at 2.

of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, " [a]lthough ' more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." )

Here, Petitioner alleges no facts to demonstrate that the BOP's custody classification has affected the fact or duration of his confinement. For example, he does not allege that his right to earn good conduct time has been affected by his custody classification. Nor does he allege that he is being denied the right to participate in any program, the successful completion of which affects the length of his sentence. Instead, Petitioner's allegations challenge the place of his confinement – a claim implicating only the conditions of confinement. In sum, Petitioner's claims are not an attack on, nor are they related in any way to, the execution of his sentence. To pursue the claims he raises herein, Petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of

Narcotics, 403 U.S. 399 (1971).[2]

Moreover, even if the Court found that Petitioner's custody level is incorrect, such an error does not rise to the level of a due process violation. Federal inmates do not possess a protected liberty interest in security classification. See Posey v. Dewalt, 86 F.Supp.2d 565, 571 (E.D. Va 1999); Grayson v. Federal Bureau of Prisons, 2011 WL 7154384, *3 (N.D. W.Va. July 22, 2011)(Kaull).  Instead, security classification is reserved to the sole discretion of prison officials. See Sleezak v. Evatt,  21 F.3d 590, 594 (4th Cir. 1994).

### V. Recommendation

For the reasons stated, the undersigned recommends that the Petitioner's § 2241 petition (Doc. 1) be **DENIED and DISMISSED WITHOUT PREJUDICE** to his right to file a Bivens action.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Court Judge.  Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1);

---

[2] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.  Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet, and to counsel of record via electronic means.

DATED: March 17, 2017

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE