IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL J. NUNN,

    Petitioner,

v.                                            Civil Action No. 5:16CV145
                                                                 (STAMP)

DAVID R. WILSON, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.  Procedural History

The pro se[1] petitioner, Michael J. Nunn, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). The action was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending that this matter be dismissed without prejudice to the petitioner's right to file an action under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (a "Bivens action"). The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

objections within 14 days after being served with copies of the report. The petitioner untimely filed objections.

II. Facts

The petitioner alleges that the Bureau of Prisons (the "BOP") improperly raised his security custody classification from a Moderate "3" to a Greatest "7." The petitioner further alleges that the change in classification has prevented him from being transferred to a camp. For relief, the petitioner seeks an order from this Court reinstating his security level to Moderate.

In his administrative grievance to the warden, the petitioner alleged that the BOP violated BOP Program Statement 5100.08, titled "Inmate Security Designation and Custody Classification." The petitioner argued that he was not charged with being part of an organized network and, thus, could not be scored in the Greatest severity category. In response to the grievance, the warden explained that the petitioner's original Moderate severity score was simply an error that was later corrected. The warden noted that information in the petitioner's Pre-Sentence Investigation Report established that 23,724.38 grams of cocaine were attributed to the petitioner and that the petitioner "was the organizer or leader of a group with five or more people." ECF No. 1-1 at 7.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### IV. Discussion

In his report and recommendation, the magistrate judge found that the petition is not an attack on, nor are its claims in any way related to, the execution of the petitioner's sentence. Rather, by making allegations about his security custody classification, the magistrate judge determined that the petitioner is complaining of the conditions of his confinement. Thus, the magistrate judge concluded that the petition cannot proceed under § 2241, which allows a prisoner to attack the manner in which his sentence is executed. See Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (describing the "heart of [a] habeas corpus [petition]" as a petitioner "challenging the fact or duration of his physical

confinement itself" or "seeking immediate release or a speedier release from that confinement"). The magistrate judge noted that the case would have to proceed as a Bivens action, which allows individuals to sue a federal actor for constitutional violations. See Hall v. Clinton, 235 F.3d 202, 204 (4th Cir. 2000) (describing a Bivens action as "a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors").

Additionally, the magistrate judge noted that, even if the Court were to find that the petitioner's custody level was incorrect, such error does not rise to the level of a due process violation because federal inmates do not possess a protected interest in security classification. Accordingly, the magistrate judge recommends that the petition be denied and dismissed without prejudice to the petitioner's right to file a Bivens action.

In his objections, the petitioner argues that the warden has not offered any factual proof as to the reason for the change in the petitioner's security classification. The petitioner further argues that, as a result of his changed security classification, he is being denied several benefits. The petitioner alleges that those benefits include employment within the community, daily visits from family members, placement at a minimum security institution, participation in outside programs, and receiving one year off of his sentence for completing the residential drug

program. The petitioner also contends that his claims are inapplicable to a Bivens action.

On de novo review, this Court finds that the magistrate judge is correct that the petition cannot proceed under § 2241 because it is not an attack on, nor are its claims in any way related to, the execution of the petitioner's sentence. The Court agrees with the magistrate judge that, to pursue his claims, the petitioner would have to file a Bivens action because he is challenging the conditions of his confinement. This Court also agrees with the magistrate judge that, even if it were to find that the petitioner's custody level was incorrect, such error does not rise to the level of a due process violation. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) ("Congress has given federal prison officials full discretion to control these conditions of confinement . . . and [the] petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Thus, this Court upholds the magistrate judge's recommendation.

## V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 15) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and the petitioner's objections (ECF No. 17) are OVERRULED. It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE to

the petitioner's right to file a Bivens action and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 12, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE